UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| National Bank of Anguilla (Private Banking & Trust) Ltd., | Case No.: 16-11806 (MG) |
| Debtor. | |

**DECLARATION OF EUSTELLA FONTAINE IN SUPPORT OF
MOTION FOR PROTECTIVE ORDER REGARDING THE CONFIDENTIAL
INFORMATION OF THE DEBTOR'S DEPOSITORS PURSUANT TO
SECTIONS 105 AND 107 OF THE BANKRUPTCY CODE AND
<u>FEDERAL RULES OF BANKRUPTCY PROCEDURE 1007(j) AND 9037</u>**

I, Eustella Fontaine, declare as follows:

1. I am an individual over 21 years of age and am competent to testify and to provide this Declaration in support of the *Motion for Protective Order Regarding the Confidential Information of the Debtor's Depositors Pursuant to Sections 105 and 107 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 1007(j) and 9037* (the "<u>Motion</u>").

2. I earned an LL.B (Hons.) in 2001 from the University of Sheffield. Thereafter, I earned an LL.M in International Human Rights Law from the University of Nottingham. I am a member of Gray's Inn and was called to the Bar of England and Wales in 2003 (non-practicing). I am a Barrister and a Solicitor.

3. I was admitted to the bar of Anguilla in 2004 and have practiced in Anguilla continuously since that time. I have represented parties in cases before the High Court of Anguilla, the Court of Appeal of the Eastern Caribbean Supreme Court, and the Judicial Committee of the Privy Council.

4. I am the founder of Fontaine & Associates, a law firm in Anguilla.

5. Based on the foregoing, I am familiar with Anguillian law.

6. Anguilla is a British Overseas Territory (a dependent territory) of the United Kingdom. Although Anguilla's legislature and courts are independent from the United Kingdom, Anguilla's final court of appeals is the Judicial Committee of the Privy Council in London. Thus, the common and statutory law of Anguilla is based heavily on the laws of England.

7. The Confidential Relationships Act, R.S.A. c. C85 (the "<u>Confidential Relationships Act</u>") provides, in relevant part, as follows:

> Interpretation
>
> 1. In this Act -
>
> "bank" means any bank or other financial institution to which the Banking Act applies;
>
> "business of a professional nature" includes the relationship between a professional person and his principal, by whatever term the latter may be described, and also the relationship between a bank and a customer of that bank;
>
> "Commission" means the Financial Services Commission established under the Financial Services Commission Act;
>
> "confidential information" includes information concerning any property, or relating to any business of a professional nature or commercial transaction that has taken place, or that any party concerned contemplates may take place, that the recipient thereof is not, otherwise than in the normal course of business or professional practice, authorised by the principal to divulge;
>
> "entitled to possession of confidential information" means so entitled, in the normal course of business or professional practice or by the specific consent of the party who, but for the giving of such consent, would be entitled to require the preservation of the confidentiality of that information;
>
> "financial services enactment" has the meaning specified in the Financial Services Commission Act;
>
> "Minister" means the person charged for the time being with responsibility for finance;

"normal course of business or professional practice" means the ordinary and necessary routine involved in the efficient carrying out of the instructions of a principal including compliance with such laws and legal processes as arises out of or in connection therewith and the routine exchange of information between professional persons;

"principal" means a person who has imparted to another person confidential information in the course of his business or professional relationship with that other person, and includes a customer or a bank in relation to his business transactions with that bank;

"professional person" includes an accountant, an attorney (or other legal practitioner by whatever name called), a broker or other kind of commercial agent or adviser, a bank or other financial institution, any public officer or other government official or employee, and such other persons as may be prescribed as professional persons for the purposes of this Act and whether or not any such person was licenced or authorised, under any law for the time being in force, to act in that capacity, and includes any person subordinate to, or in the employment or under the control of, any such person for the purpose of his professional activities;

"property" includes every present, contingent or future interest or claim, direct or indirect, legal or equitable, positive or negative, in any money or money's worth, real, personal, moveable or immoveable, rights, charges and securities thereover and all documents and things evidencing or relating thereto.

Application of Act

2.      (1) Subject to subsection (2), this Act applies to all confidential information with respect to business of a professional nature that arises in or is brought into Anguilla and to all persons who come into possession of that information at any time thereafter, whether within or without Anguilla.

* * *

Offenses and penalties

3.      (1) Any person who—

    (a) being in possession of confidential information, however obtained—

        (i)     divulges it to any person not entitled to possession thereof, or

        (ii)    attempts, offers or threatens to divulge it to any person not entitled to possession thereof; or

    (b) obtains or attempts to obtain confidential information to which he is not entitled; is guilty of an offence.

*   *   *

  (5) Any person, other than a professional person, who commits an offence under this section is liable on summary conviction—

    (a) in the case of an individual, to a fine of $25,000 or to imprisonment for 12 months or to both; or

    (b) in the case of a body corporate, to a fine of $125,000.

  (6) Any professional person who commits an offence under this section is liable on summary conviction—

    (a) in the case of an individual, to a fine of $50,000 or to imprisonment for 12 months or to both; or

    (b) in the case of a body corporate, to a fine of $250,000.

*   *   *

  (8) Where an offence under this section is committed by a body corporate and is proved to the satisfaction of the court to have been committed with the consent or connivance of, or to have been attributable to any neglect on the part of, any director, manager, secretary or similar officer (by whatever name called) of that body corporate, or by any person purporting to act in such a capacity, he as well as the body corporate is guilty of an offence and is liable to be proceeded against and punished accordingly.

See Confidential Relationships Act, R.S.A. c. C28 at   (emphasis added).

  8.  The Confidential Relationships Act applies specifically to banks and to information obtained as part of a banking relationship. Thus, the Confidential Relationships Act applies to the names, addresses, account balances, and other confidential information of the depositors of the National Bank of Anguilla (Private Banking & Trust) Ltd. (the "Debtor").

  9.  As a result, the divulgence of information such as the names, addresses, account balances and other confidential information of depositors could subject the Administrator and the Debtor to criminal penalties, which includes fines and incarceration (for individuals).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on: June 22, 2016          By: _____
                                        Eustella Fontaine, Barrister/Solicitor
                                        Fontaine & Associates